WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven K Young, | No. CV-16-04545-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Annanias & Sapphira Investors Group, et al., | |
| Defendants. | |

Federal courts are courts of limited jurisdiction. As a result, they can hear only those cases that the Constitution and Congress have authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of proving a jurisdictional basis exists. *Id.* In this case, because Plaintiff filed his suit in federal district court, he must show that the federal court is authorized to hear the case.

In the complaint, Plaintiff claims jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction). Doc. 1 at 4. However, none of Plaintiff's three causes of action (slander of title, quiet title, or declaratory relief) presents a federal question.

Plaintiff also alleges jurisdiction based on 28 U.S.C. § 1332 (diversity jurisdiction). *Id*. However, Plaintiff fails to sufficiently plead diversity jurisdiction. Specifically, Plaintiff fails to allege a principal place of business for either corporate Defendant. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010) (discussing the

1 citizenship of a corporation).

2 Based on the foregoing,

3 **IT IS ORDERED** that by January 25, 2017, Plaintiff shall file a supplement to the
4 complaint properly alleging federal subject matter jurisdiction or this case will be
5 dismissed, without prejudice, for lack of jurisdiction.

6 Dated this 3rd day of January, 2017.

_James A. Teilborg_
Senior United States District Judge